IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

v.

GALE RACHUY,

ORDER

19-cv-749-wmc
10-cr-141-wmc

An evidentiary hearing on the probation office's petition for judicial review of Gale A. Rachuy's supervised release was held on May 29 and June 6, 2019, before U.S. District Judge William M. Conley. On June 7, 2019, the court made the following ruling:

> After reviewing the written submissions of the probation office, hearing testimony and considering the exhibits and arguments of the parties, I find that revocation is warranted. Indeed, the defendant's latest dishonesty demonstrate that he is unsupervisable. Accordingly, the two-year term of supervised release imposed on October 20, 2017, will be revoked.

(6/7/2019 Op. & Order (dkt. #239) at 7.) Since then, Rachuy has filed several motions that this order resolves.

I.  **Motions for Return of Property (dkt. #240)**

The court previously denied Rachuy's motion for return of property because the government had a reasonable basis to retain his property for use at the revocation hearing. (5/24/19 Order (dkt. #228) at 9-10.) Now, Rachuy asks for return of: (1) the rubber stamps, will of Timothy Rachuy and copies of that will that Probation Officer John Pick seized in 2019; (2) the handcuffs and business cards seized in 2017; (3) a Lenovo laptop, seized by the FBI in 2010 and currently held by the Superior County Police Department;

and three cell phones and various documents.  Rachuy's position is that since the government no longer needs these items, they must be returned as a matter of law.

The U.S. Probation Office has indicated that it is willing to return to Rachuy all of the items that have been seized from him, with the exception of the following, which all have been deemed to constitute contraband:

1. A notary stamp in the name of Gale Allen Rachuy.
2. A notary stamp in the name of Brent Peter Loberg.
3. Copies of a document Mr. Rachuy has claimed to be his brother's will.
4. A Minnesota Foodshare card for "Houston W. Schiernbeck."

Based on the evidence admitted during the hearing, the court agrees that these items constitute contraband, so they need not be returned to Rachuy.  Accordingly, the court is granting in part and denying in part Rachuy's motion for return of property.  The U.S. Probation Department will be required to return to Rachuy:  (1) the handcuffs and business cards described above; (2) Rachuy's Lenovo laptop, so long as the laptop is still being held in the Superior Police Department's property room; and (3) the cellphones and documents that have not been deemed contraband.

II. **Motion to Amend Sentence and Release Pending Appeal (dkt. #241)**

As for Rachuy's request to amend his sentence and for release pending his appeal, Rachuy takes issue with the court's characterization of the evidence admitted during the revocation hearing, and he insists that he has been falsely imprisoned without due process. The court sees no error warranting reconsideration of the revocation order, and the court sees no basis to allow for Rachuy's release pending his appeal.  Indeed, the court already considered and rejected the notion that Rachuy would be able to comply with the

supervision conditions if given another opportunity to do so, which was why the court declined to impose another term of supervised release to follow Rachuy's 21-month term of imprisonment. (6/7/2019 Order (dkt. #239) at 8-9 ("Unfortunately, [Rachuy] has shown no interest in participating in services to assist in changing his thinking, has often argued about the restrictions of supervision, and has expressed a desire to have his supervision revoked and be returned to prison. Finally, if history is prologue, then the defendant will almost certainly return to fraud as a way of making a living when he is released.").) Accordingly, this motion is denied.

## II. Appeal-Related Motions (dkt. ##250, 260, 272)

In these motions, Rachuy is requesting that the court refile the revocation order entered on October 20, 2017, so that he may file a timely Notice of Appeal of that order. The court cannot modify the date of its own orders, absent a clerical error, which did not occur here. *See* Fed. R. Crim. P. 36. Further, to do as Rachuy requests would subvert the purpose of the notice of appeal deadlines set forth in Federal Rule of Appellate Procedure 4(b). Accordingly, these motions are denied.

## III. Motion to Vacate Under 28 U.S.C. § 2255 (dkt. #267)

In Rachuy's Motion to Vacate Under 28 U.S.C. § 2255, he seeks to challenge the results of his October 20, 2017, revocation proceeding. Aside from the fact that this motion is likely untimely, *see* 28 U.S.C. § 2255(f), it is premature because he is bringing it while his appeal, also seeking to challenge the results of his October 20, 2017, revocation

3

is pending. *See United States v. Rachuy*, No. 19-2179 (7th Cir.). Absent extraordinary circumstances, district courts should not entertain § 2255 appeals while a direct appeal is pending because the disposition of the appeal may render the § 2255 motion moot. *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993). Whether extraordinary circumstances exist "depends upon the balancing of the need for speedy relief against the need for conservation of judicial resources," and is left to the district court's discretion. *United States v. Davis*, 604 F.2d 474, 484 (7th Cir. 1979). As Rachuy's appeal does not present such extraordinary circumstances, the court will not consider his § 2255 motion at this time. Rachuy's premature filing of a § 2255 motion will not hinder his ability to file a § 2255 appeal after his appeal is decided because a § 2255 motion that is dismissed as premature, without a decision on the merits, does not count as an initial motion for the purpose of invoking the second or successive collateral attack rule. *O'Connor v. United States*, 133 F.3d 548, 550 (7th Cir. 1998).

ORDER

IT IS ORDERED that:

1) Gale Rachuy's Motion to Vacate Under 28 U.S.C. § 2255 (No. 19-cv-749, dkt. #1, No. 10-cr-141, dkt. #267) is DENIED and Case No. 19-cv-749 matter is DISMISSED because it was filed while his direct appeal is pending.

2) Rachuy's Amended Motion for Return of Property (dkt. #240) is GRANTED in part and DENIED in part, as provided above.

3) Rachuy's remaining motions (dkt. ##241, 250, 260, 272) are DENIED.

Entered this 25th day of September, 2019.

                              BY THE COURT:

                              /s/

                              _____
                              WILLIAM M. CONLEY
                              District Judge